## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARGARET ANN LANE-RAUTH,          :
                                  :
            Plaintiff,            :
                                  :          Civil Action No.:      00-02843 (RMU)
      v.                          :
                                  :
JO ANNE B. BARNHART               :          Document Nos.:        16, 18
COMMISSIONER OF SOCIAL            :
SECURITY ADMINISTRATION,          :
                                  :
            Defendant.            :

### MEMORANDUM OPINION

GRANTING THE PLAINTIFF'S MOTION FOR JUDGMENT OF REVERSAL;
DENYING THE DEFENDANT'S MOTION FOR JUDGMENT OF AFFIRMANCE;
REMANDING THE CASE FOR FURTHER ACTION

## I. INTRODUCTION

The plaintiff, Margaret Ann Lane-Rauth, claims that she is entitled to Social Security

disability benefits due to severe pain and physical impairments suffered as a result of an on-the-

job injury.  The Commissioner of Social Security denied each of the plaintiff's requests for

benefits, relying on an Administrative Law Judge's ("ALJ") ruling that the plaintiff can perform

"substantial work."  Before the court are the plaintiff's motion for judgment of reversal and the

defendant's motion for judgment of affirmance.  Because the ALJ failed to correctly apply Social

Security Ruling 96-8p[1] and rendered a decision lacking sufficient discussion of the decision

making process, the court grants the plaintiff's motion for judgment of reversal, denies the

---

[1] Social Security Ruling 96-8p states "the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits under titles II and XVI of the Social Security Act[.]" SSR 96-8p, 1996 WL 374184 (July 2, 1996).

defendant's motion for judgment of affirmance, and remands the matter to the Social Security

Administration for further action.

## II.   BACKGROUND

### A.   Factual Background

The plaintiff, Margaret Ann Lane-Rauth, worked as a nurse and nurse anesthetist at

Fairfax Hospital in Fairfax, Virginia, until December 1995, when physical impairments

prevented her from continuing in her employment.  Admin. R. at 18.  Seven years prior, the

plaintiff was injured by an electric shock received while working, which resulted in "pain,

decreased strength, loss of sensation, and loss of proprioception[2] of her left arm, hand and

shoulder."  Pl.'s Mot. for Summ. J. ("Pl.'s Mot.") at 2.  According to the plaintiff, after two back

surgeries to repair herniated discs and bone plugs, Admin. R. at 19, the plaintiff continued to

experience pain symptoms in her arm and developed migraines and chronic pain syndrome,  Pl.'s

Mot. at 3.

### B.   Procedural Background

The plaintiff filed for Social Security disability benefits on September 11, 1996, on the

basis of severe fatigue of the left arm and severe neck and shoulder pain.  Admin. R. at 18.  The

agency denied her claims both initially and upon reconsideration.  *Id*.  On March 25, 1998, the

ALJ ruled that the plaintiff was "not disabled within the meaning of the Social Security Act

because there are a significant number of jobs in the national economy that she can perform."

---

[2]        Proprioception is defined as "the reception of stimuli produced within an organism."
WEBSTER'S DICTIONARY 936 (10th ed. 1999).

Admin. R. at 24.  The appellate body for the ALJ's determination, the Appeals Council, affirmed

the ALJ's decision on September 23, 2000.  *Id.* at 6.

The plaintiff subsequently filed a motion for judgment of reversal of the agency's denial

of benefits.  At the same time, the defendant filed a motion for judgment of affirmance.  The

court now considers these motions.

### III.   ANALYSIS

#### A.   Legal Standard for Review of Final Decision
of the Commissioner of Social Security

Federal district courts have jurisdiction over civil cases challenging the final decision of

the Commissioner of Social Security.  Social Security Act, 42 U.S.C. § 405(g).  In seeking

judicial review of a final determination of the Social Security Commission, the plaintiff bears the

burden of demonstrating that the Commissioner's decision is not based on substantial evidence

or that incorrect legal standards were applied.  *Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000);

*Jones v. Shalala*, 1994 WL 776887 (D.D.C. August 31, 1994) at **2.  42 U.S.C. § 405(g) states

that

> [t]he court shall have power to enter, upon the pleadings and transcript of the
> record, a judgment affirming, modifying, or reversing the decision of the
> Commissioner of Social Security, with or without remanding the cause for a
> hearing.  The findings of the Commissioner of Social Security as to any fact,
> if supported by substantial evidence, shall be conclusive[.]

*Id.*  Substantial evidence "requires more than a scintilla, but can be satisfied by something less

than a preponderance of the evidence."  *Fla. Mun. Power Agency v. Fed. Energy Reg. Comm.*,

315 F.3d 362, 365-66 (D.C. Cir. 2003); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971)

(quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  The D.C. Circuit has instructed that

> [i]n almost every case brought in the district court under the Act, the issue before the court is the substantiality of the evidence upon which the [Commissioner] based his findings of fact.  The Act directs the court to enter its judgment upon the pleadings and the transcript of the record . . . If the case is one that involves the taking of additional evidence for any reason, the district court is obliged to obtain an enhancement or revision of the record by way of remand to the [Commissioner.]

*Igonia v. Califano*, 568 F.2d 1383, 1389 (D.C. Cir. 1977).

While the reviewing court affords considerable deference to the decision rendered by the ALJ and the Appeals Council, the court remains obligated to ensure that any decision rests upon substantial evidence.  *See Richardson*, 402 U.S. at 389.   Accordingly, this standard of review "calls for careful scrutiny of the entire record," to determine whether the Commissioner, acting through the ALJ, "has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits[.]" *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citing *Simms v. Sullivan*, 877 F.2d 1047, 1050 (D.C. Cir. 1989)).  As the D.C. Circuit stated,

> In a disability proceeding, the ALJ "has the power and the duty to investigate fully all matters in issue, and to develop the comprehensive record required for a fair determination of disability." The Commissioner's ultimate determination will not be disturbed if it is based on substantial evidence in the record and correctly applies the relevant legal standards.

*Id.* (quoting *Simms*, 877 F.2d at 1050).

### B.    The Judgment of the Administrative Law Judge is not Supported by Substantial Evidence

The plaintiff argues that the defendant's final administrative decision is not supported by substantial evidence and is erroneous as a matter of law.  Pl.'s Mot. at 1.  Specifically, the

plaintiff claims that the ALJ erroneously evaluated the plaintiff's claim of disability and failed to support his conclusions regarding the plaintiff's disability with sufficient evidence.  *Id.* at 4, 16-18.

The Commissioner of Social Security developed a five-step inquiry for the ALJ to use when evaluating disability claims.  First, the judge must deny the claim if the claimant is currently engaged in "substantial gainful activity."  20 C.F.R. § 404.1520 (a)(4)(i).  Second, if the claimant is not engaged in gainful employment, the judge then must determine whether the claimant has a "severe medically determinable physical [] impairment" preventing him from performing basic work, and if there is no such impairment, the judge must deny the claim.  20 C.F.R. § 404.1520 (a)(4)(ii).  Third, if the claimant's impairment "meets or equals" those listed on the Listing of Impairments,[3] disability is presumed and the inquiry ends.  20 C.F.R. § 404.1520 (a)(4)(iii).  Fourth, if the impairment does not "meet or equal" one of the Listing of Impairments, the judge must determine the claimant's Residual Functional Capacity ("RFC") to determine if the claimant can perform his or her "past relevant work."  20 C.F.R. § 404.1520 (a)(4)(iv).  Finally, if the judge rules that the claimant cannot perform "past relevant work," the claimant is entitled to benefits unless the Commissioner can demonstrate that the claimant can perform other substantial gainful work.  20 C.F.R. § 404.1520 (a)(4)(v).

The plaintiff argues that the ALJ's determination is not supported by substantial evidence and is erroneous as a matter of law because: (1) the ALJ did not specify which of the plaintiff's ailments were severe impairments, Pl.'s Mot. at 4-5; (2) the ALJ did not discuss in detail the

---

[3]     The Listing of Impairments, attached to 20 C.F.R. § 404.1520 at Appendix 1 to Subpart P, indicates those impairments which, if found in the social security benefit applicant, trigger a presumption of disability.  20 C.F.R. § 404.1520 (a)(4)(iii).

plaintiff's ability to perform the individual exertional functions that are part of the RFC

evaluation, *id*. at 8-9; (3) the ALJ's evaluation of the plaintiff's pain lacked justification, *id*. at

12; (4) the ALJ failed to take the pain into account when evaluating the plaintiff's combination of

ailments, *id*. at 14; and (5) the ALJ ignored the opinion of the plaintiff's treating physician, *id*. at

15-16.  Although the court rules that the plaintiff's first argument lacks merit, the court agrees

with the plaintiff that the ALJ did not discuss in detail the plaintiff's ability to perform the

individual exertional functions.  Because the court reverses the ALJ's determination based on the

plaintiff's second argument, the court need not address the plaintiff's third, fourth, and fifth

arguments.[4]

### 1.   The Administrative Law Judge Properly Determined that the Plaintiff was Severely Impaired

The plaintiff first argues that the ALJ's determination lacks a specific discussion as to

which of the plaintiff's impairments constitute a "severe disability."  Pl.'s Mot. at 4-5.  Without

this information, the plaintiff asserts, the court cannot properly review the decision.  *Id.*  Also, the

plaintiff contends that this defect taints the ALJ's subsequent determinations.  *Id*. at 5.  While 5

U.S.C. § 557(c)(3)(A) requires that the ALJ provide "conclusions and explanations" to support

his determination, the court disagrees with the plaintiff's contention that the ALJ's decision did

not properly explain the severity of the plaintiff's impairments.  5 U.S.C. § 557(c)(3)(A); Pl.'s

Mot. at 5.  The ALJ discussed the plaintiff's impairments when he stated that the plaintiff's

application for disability was based on "neck and shoulder pain and weakness in her left arm."

---

[4]    The court's ruling with regard to the plaintiff's second argument alone warrants
reversal.  Nevertheless, because the court is remanding this case to the defendant agency,
the court's analysis of the plaintiff's first argument is necessary for meaningful
administrative action in this case.

Admin. R. at 18.  Furthermore, the plaintiff's initial application identifies with specificity the

plaintiff's alleged disabilities.  The court need only look to the plaintiff's initial application to

determine her arguments for claiming disability and, therefore, what the ALJ considered her

"severe impairment."  20 C.F.R. § 404.1520.  The court concludes that the ALJ's discussion of

the plaintiff's medical history constitutes a sufficient "statement of . . . reasons or basis" of the

conclusion that the plaintiff's neck and shoulder pain and arm weakness constituted a "severe

impairment."  5 U.S.C. § 557(c)(3)(A); 20 C.F.R. § 404.1520.

### 2.   The Administrative Law Judge Improperly Determined the Plaintiff's Residual Functional Capacity

The plaintiff argues that the ALJ's ruling lacked a fully detailed narrative discussion

about her RFC, defies adequate review as required by 42 U.S.C. § 405(g), and should be

reversed.  Pl.'s Mot. at 6.  The court agrees.  Social Security Ruling 96-8p requires the ALJ to

evaluate the RFC in terms of exertional and nonexertional functions such as sitting, walking,

hearing, and tolerance for temperature extremes.  SSR 96-8p, 1996 WL 374184 (July 2, 1996) at

5-6.

> Under this rule, the ALJ is required to "discuss the individual's ability to perform
> sustained work activities in an ordinary work setting on a regular and continuing
> basis (i.e., 8 hours a day for 5 days a week, or an equivalent work schedule), and
> describe the maximum amount of each work-related activity the individual can
> perform based on the evidence available in the case record."

*Pearson v. Barnhart*, 380 F. Supp. 2d 496, 506 (D. N.J. 2005) (quoting SSR 96-8p at 7).  The

narrative discussion of the RFC must also

> contain a thorough discussion and analysis of the objective medical and other
> evidence, including the individual's complaints of pain and other symptoms and the
> adjudicator's personal observations, if appropriate; a resolution of any

7

inconsistencies in the evidence as a whole; and a logical explanation of the effects
of the symptoms, including pain, on the individual's ability to work.

SSR 96-8p at 7.

The defendant contends that the ALJ followed SSR 96-8p when he determined that the

plaintiff was "precluded from using her upper left extremity, could lift no more than four pounds

with her dominant right upper extremity, and would require a sit/stand option." Def.'s Mot. at 9;

Admin. R. at 21. To the contrary, the ALJ's ruling spends three pages simply listing the

plaintiff's entire medical history and then conclusively stating that "based on the evidence,

including the testimony at the hearing, the Administrative Law Judge finds that claimant retains

the residual functional capacity to perform sedentary work." Admin. R. 19-21. The law requires

that he do more – that the "ALJ build an 'accurate and logical bridge from the evidence to [his]

conclusion' so that, as a reviewing court, we may assess the validity of the agency's ultimate

findings and afford a claimant meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595

(7th Cir. 2002) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)). Because the ALJ

simply listed all of the evidence without clearly explaining which particular pieces of evidence

led him to his conclusion, there is no "logical bridge," *id.*, and no "thorough discussion and

analysis," SSR 96-8p.

In addition to providing an inadequate logical bridge, the ALJ also failed to explain his

reasons for discounting contrary pieces of evidence. "While the ALJ need not articulate his

reasons for rejecting every piece of evidence, he must at least minimally discuss a claimant's

evidence that contradicts the Commissioner's position." *Godbey v. Apfel*, 238 F.3d 803, 808 (7th

Cir. 2000) (holding that the ALJ's failure to discuss doctors' opinions in their entirety when the

8

omitted evidence supports the plaintiff's claim requires reversing the ALJ's decision).  Contrary

to the requirement that the ALJ "at least minimally discuss a claimant's evidence that contradicts

the Commissioner's position," *Godbey*, 238 F.3d 808, the ALJ merely concluded that "there is

absolutely no evidence in the record to support [claims of pain transfer]," Admin. R. at 22.  This

conclusion is problematic for two reasons.  First, the record before the court indicates that there

was evidence in the record to support the plaintiff's claim.  For example, the plaintiff's treating

physician corroborated the plaintiff's medical claim.  *Id*. at 22, 87.  Second, the ALJ's conclusory

remarks leave the court unable to deduce the ALJ's reasons for discounting the claimant's

evidence, thus depriving the claimant of any meaningful judicial review.  *Scott*, 297 F.3d 595.

These claims of pain transfer might be supported by the plaintiff's physician's statement that the

plaintiff "cannot perform the range of sedentary work noted," but the ALJ fails to identify this or

any other possibility as the basis of his conclusion.  Admin. R. at 22.  Although the court defers

to the ALJ's determination of the facts based on substantial evidence, the court is unable to

understand the ALJ's route to his conclusions from the ruling in its current form.  "While the

court need not remand in search of a perfectly drafted opinion, where the ALJ's decision leaves

the reviewing court with reservations as to whether an issue was fully addressed, the court should

reverse." *Samuel v. Barnhart*, 316 F. Supp. 2d 768, 774 (E.D. Wis. 2004) (ruling that the ALJ's

failure to limit plaintiff's work ability consistent with his doctor's opinion requires remanding for

consideration of the issue).  Here, the court cannot conduct a meaningful review as to "whether

an issue was fully addressed" in the ALJ's ruling given only a laundry list and a conclusion.  For

this reason, the court must reverse the ALJ's ruling and remand to the commission for further

agency action.

Even if the court were to accept the ALJ's opinion as a sufficient explanation of his conclusions, the ALJ's ruling lacks a discussion of the seven exertional factors that make up the RFC determination. *Pearson*, 380 F. Supp. 2d at 508 (reversing the ALJ's ruling because the ALJ failed to specify how much time in a work day the plaintiff could perform the seven exertional factors). Social Security Ruling 96-8p requires that the ALJ discuss the exertional factors in detail and not merely consider them during his decision making process. *Id*. at 506 (concluding that a contrary determination would "otherwise render SSR 96-8p meaningless"); *see also Diggdon v. Apfel*, 1999 WL 617702 (10th Cir. 1999) at **3 (stating that the ALJ's determination, which lacked a discussion of the exertional factors, was insufficient). *But see Rinker v. Barnhart*, 2004 WL 1527521 (E.D. Pa. May 28, 2004) (holding that consideration of the exertional factors is enough for the purposes of SSR 96-8p). Without actually seeing an evaluation of each factor in the ALJ's ruling, this court would be giving the ALJ's ruling the benefit of the doubt that he actually and adequately considered each of the factors.[5] Though the ALJ's ruling is entitled to considerable deference, *Richardson*, 402 U.S. at 389, the court cannot determine whether the ALJ's ruling is based on substantial evidence, *Fla. Mun. Power Agency*, 315 F.3d 362, without a discussion by the ALJ as to the bases of his conclusions.

---

[5]   Although the court need not evaluate the plaintiff's other arguments, the court notes that the same infirmities which undermine the ALJ's determination of the plaintiff's residual functional capacity may also pertain to his evaluation of the plaintiff's subjective claims regarding pain and of the plaintiff's doctor's determinations. If present, these deficiencies likewise require reassessment by the agency.

## IV.   CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion for judgment of reversal , denies the defendant's motion for judgment of affirmance, and remands the matter to the Social Security Administration for further proceedings.  An order directing the parties in the manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 20th day of June, 2006.

RICARDO M. URBINA
United States District Judge